JONES v. SCHNAUFER et al. (No. 346.)

(Court of Civil Appeals of Texas. Beaumont. March 29, 1918.)

1. APPEAL AND ERROR ☞1003 — REVIEW — JURY FINDINGS.

Inasmuch as it is the province of the jury to pass upon the credibility of witnesses and the weight to be given to their testimony, the court on appeal will not, except in extreme cases in which a great preponderance of the evidence shows conclusively that the result reached by the verdict is wrongful, disturb jury findings.

2. TRIAL ☞251(4)—INSTRUCTIONS ON MATTERS NOT IN ISSUE—REFUSAL.

In suit to recover for services rendered deceased, refusal of requested instruction as to promise of deceased to compensate plaintiff by provision in will, a matter not in issue, was not error.

3. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF HEARSAY TESTIMONY.

In suit to recover for services rendered deceased, while it was error to permit witness to answer, over objection, question as to whether deceased had said anything with reference to her mother, where the answer was, "Her pay will be left in the will," the admission of such hearsay testimony was harmless.

Appeal from District Court, Harris County; Hy. J. Dannenbaum, Judge.

Suit by Elizabeth Schnaufer and others against Ira P. Jones, executor of the Estate of Julia Bartels, deceased. Judgment for plaintiffs, and defendant appeals. Affirmed.

Jones & Jones and Ross & Wood, all of Houston, for appellant. Menefee & York, of Houston, for appellees.

BROOKE, J. This suit was brought by Elizabeth Schnaufer and husband against Ira P. Jones, independent executor of the estate of Julia Bartels, deceased, and others. The suit was filed January 7, 1914, at which time temporary administration on the estate of said Julia Bartels and application for probate of her will was still pending. Said will was admitted to probate in March, 1915, and Ira P. Jones qualified as independent executor. The plaintiff made all devisees under the will and all heirs of said Julia Bartels parties defendant, and after answers filed by them dismissed all parties except the said Ira P. Jones, executor. The suit was for the recovery for services rendered as cook and help and nurse for Mrs. Bartels and others in her house, and the allegations were that her services were worth $20 per month; that from November 1, 1911, to the death of Mrs. Bartels on January 1, 1912, said services were greatly increased on account of the condition and illness of Mrs. Bartels, and required more of plaintiff's time, and that the disease was offensive and unpleasant, and the services she performed were worth $5 per day. The defendant admitted his qualification as executor, denied all the other allegations, and denied that there ever existed any contract by the decedent with the plaintiff, or any other person for her, and that

said services were never performed, and the decedent never became liable therefor, and waived all objections as to the prematurity of the filing of said suit. Upon the pleadings there was a trial by jury, which commenced on January 30 and concluded on February 3, 1917. The matters were submitted to the jury on the following special issues:

"First. Did Mrs. Elizabeth Schnaufer render services as a nurse to Mrs. Julia Bartels at the house of Fred Bartels, on Weber avenue, at any time from September 15, 1911, to the death of the said Mrs. Julia Bartels, which services, if any were rendered, were of such a character as to lead to a reasonable belief that it was the understanding of the said Mrs. Schnaufer and the said Mrs. Julia Bartels that pecuniary compensation should be made for such services?"

To this question the jury answered, "Yes."

"Second. If you find that such services were rendered by the said Mrs. Elizabeth Schnaufer as a nurse, for what period of time, were such services rendered, and what was the value of such services?"

To this question the jury answered: "From September 16, 1911, to January 7, 1912, inclusive, at $2.50 per day, or a total of $285.00."

On this verdict judgment was rendered in favor of plaintiff against defendant in the sum of $285. There was a remittitur filed of $144, which, deducted from the amount of the judgment, leaves a balance of $141, for which judgment was entered. Motion for new trial was overruled, and the case is now before this court for consideration.

The first assignment of error complains that the jury erred against the weight and great preponderance of the evidence adduced on the trial, and their verdict was not supported thereby. This, together with the second assignment of error, which calls in question the sufficiency of the number of days or the amount of time for which services as a nurse were rendered, and the fourth assignment, which urges that there was no evidence to warrant the jury in returning a verdict for $2.50 per day; and the fifth assignment, which calls in question the fact that there was no evidence of the amount of time spent by the plaintiff as a nurse, relates to the sufficiency of the evidence in the case.

[1] We shall not undertake to set out the testimony of the various witnesses. It is exclusively the province of the jury, under the laws of this state, to pass upon the facts of every case; and, while we do not go to the extent of concurring in the opinions of some of the courts that, if there be any testimony to support the verdict of the jury, the same will be upheld, we do, however, say that, inasmuch as it is their province to pass upon the credibility of the witnesses and the weight and value to be given to their testimony, we will not, except in extreme cases, in which a great preponderance of the evidence shows conclusively, to our minds, that the result reached by the verdict is wrongful, disturb their findings. In this case we have gone carefully over the statement of facts, and we do not believe that this verdict should be disturbed, and so believing, the assignments from 1 to 5, inclusive, will be overruled.

[2] Appellant's sixth assignment predicates error upon the action of the court in refusing to give special charge No. 2 requested by the defendant, said charge reading as follows:

"You are charged that if you believe from the evidence that there was no agreement, either expressed or implied, upon the part of Mrs. Julia Bartels to compensate the plaintiff, Mrs. Schnaufer, either by making a provision for her in the will of the said Mrs. Bartels or otherwise, for the services rendered by the plaintiff, Mrs. Schnaufer, if any such services were in fact rendered, then in such case you will let your verdict be for the defendant, although you may believe that the plaintiff, Mrs. Schnaufer, rendered such a service under the expectation that she would be compensated therefor by the provision made for her in the will of Mrs. Julia Bartels."

There was no allegation in plaintiff's petition of any promise by Mrs. Bartels, either expressed or implied, to compensate Mrs. Schnaufer by a provision in her will, and no allegation that such promise was relied upon by her. In other words, it was not an issue in this case, and we do not understand how the refusal of same could have been error. Said assignment is overruled.

[3] The seventh and eighth assignments are with reference to the admission in evidence, over the objection of defendant, of a question propounded by counsel for plaintiff, to the effect of asking witness whether Mrs. Bartels had said anything to her with reference to her mother, to which the witness replied, "Yes," etc. This testimony was hearsay, and its admission was error. However, we are of opinion that it was harmless error, because the answer to same, which was, "Her pay will be left in the will," did not and could not, in our judgment, cause the jury to be prejudiced against the appellant, and would only be apparent evidence of the kindly and friendly feeling of the deceased toward the appellee. However that may be, while, as above said, it was error to admit the testimony, it is not of sufficient gravity to warrant us in reversing this case.

A careful consideration of the record leads us to the conclusion that there was not such error in the action of the trial court as would warrant a reversal of the cause. It is therefore affirmed.